# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CENGAGE LEARNING, INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and PEARSON EDUCATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ERIC HUNTING, DAVID TOONE, MICHAEL BLALOCK, and INFORMATION RECYCLERS LLC,<br><br>Defendants. | Civil Action No. 1:15-cv-13135<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101, *et seq.*)**<br>2. **TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br>3. **TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Cengage Learning, Inc., McGraw-Hill Global Education Holdings, LLC, and Pearson Education, Inc. (collectively, "Plaintiffs"), for their Complaint against Defendants Eric Hunting, David Toone, Michael Blalock, and Information Recyclers LLC (collectively, "Defendants"), allege, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

## INTRODUCTION

1. Plaintiffs are among the world's leading educational publishers. They provide a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages.

2. Defendants are in the business of textbook arbitrage. They purchase textbooks at the lowest possible prices at which they can find them, and then sell them at a profit to

distributors and consumers. In order to maximize their profit, Defendants often buy books from unknown sources at below market prices. Frequently, these sources are overseas sources or unknown Internet sellers.

3. In the course of their book arbitrage, Defendants purchase counterfeit books, which they then sell to others as legitimate textbooks. From time to time, Defendants have been put on notice that books they are selling are counterfeit.

4. Even after they have been told that certain books they have purchased are counterfeit, they have sold them to consumers and distributors as though they are legitimate.

5. Plaintiffs bring this Complaint for damages and injunctive relief to bring to an end and to seek redress for Defendants' widespread infringement of Plaintiffs' intellectual property rights.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121, based on federal question jurisdiction.

7. This is an action arising under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1114, *et seq.*

8. Jurisdiction in this district is proper because Defendants, without the consent or permission of Plaintiffs, caused the distribution of, and offered to distribute, unauthorized copies of Plaintiffs' copyrighted works bearing Plaintiffs' trademarks, for which Plaintiffs have the exclusive rights. Such unlawful conduct occurred in several jurisdictions in the United States, including this one, as Defendants have made sales into this District.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a).

## PARTIES

10. Plaintiff Cengage Learning, Inc., formerly Thomson Learning, Inc., ("Cengage") is a Delaware corporation with its principal place of business at 20 Channel Center Street, Boston, Massachusetts 02210.

11. Plaintiff Pearson Education, Inc. ("Pearson") is a Delaware corporation with its principal place of business at 330 Hudson Street, New York, New York 10013.

12. Plaintiff McGraw-Hill Global Education Holdings, LLC ("MHE") is a Delaware limited liability company, with its principal place of business at 2 Penn Plaza, New York, New York 10121.

13. Defendant Information Recyclers LLC ("Information Recyclers") is a Wyoming limited liability company doing business under a variety of different addresses, including but not limited to, 2710 Thomas Avenue, Cheyenne, Wyoming 82001, 1712 Pioneer Avenue, Cheyenne, Wyoming 82001, 7512 Prospect Avenue NE, Albuquerque, New Mexico 87110, and 202A County Road 55, Cerrillos, New Mexico 87010.

14. Defendant Eric Hunting ("Hunting"), an owner of Information Recyclers, is an individual residing at 202A County Road 55, Cerrillos, New Mexico 87010.

15. Defendant David Toone is an individual residing at 7512 Prospect Avenue NE, Albuquerque, New Mexico 87110.

16. Defendant Michael Blalock is an individual residing at 1726 5th Street, Bremerton, Washington 98337.

## GENERAL ALLEGATIONS

17. Cengage is among the world's largest providers of tailored learning solutions. In the academic marketplace, Cengage serves secondary, post-secondary, and graduate-level

students, teachers, and learning institutions in both traditional and distance learning environments. Cengage products and services are sold throughout the world, through direct channels and via a worldwide network of distributors. Cengage invests significant resources annually in the worldwide advertisement and promotion of its goods and services under all its marks.

18. Pearson is a world-renowned publisher of educational books and multimedia materials in all subject areas and grade levels, operating under numerous imprints, with a rich educational and literary heritage. With well-known brands such as Pearson, Prentice Hall, Pearson Longman, Pearson Scott Foresman, Pearson Addison Wesley, Pearson NCS, and many others, Pearson provides quality content, assessment tools, and educational services in all available media.

19. MHE is a global publisher and lifelong learning partner to students and teachers of all kinds and addresses virtually every aspect of the education market from pre-kindergarten through professional learning, using traditional materials, online learning, and multimedia tools. MHE is also a leading provider of reference and trade publishing for the medical, business, engineering, and other professions.

20. Plaintiffs' publications are widely available in the marketplace, including in retail and online bookstores, for schools, students, and other consumers.

21. Plaintiffs use their alliances, affiliations, and relationships with wholesalers and distributors as part of their respective overall sales, marketing, and distribution efforts, expanding Plaintiffs' geographic reach to actual and potential customers, and allowing Plaintiffs to operate across various mediums and formats.

22. Plaintiffs invest heavily in textbook publishing. Each year they incur substantial

costs for author royalties or other costs of content creation or licensing, for copyediting and proofreading, for typesetting, layout, printing, binding, distribution, and promotion, and for support of their editorial offices.

23.     Both publishers and authors alike are deprived of income when their books are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.

24.     The revenue from Plaintiffs' respective sales of textbooks represents a substantial amount (and in some cases a majority) of Plaintiffs' respective annual revenues, and is therefore important to their financial health.

25.     Plaintiffs suffer serious financial injury when their copyrights and trademarks are infringed.  A substantial decline in revenue from textbook sales could cause Plaintiffs to cease publication of one or more deserving books.  This would have an adverse impact on the creation of new works, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving works.

26.     Many of Plaintiffs' customers, including libraries, academic institutions, and book retailers, obtain their stock of Plaintiffs' products from wholesalers for many reasons, including that if a customer, such as library, wishes to purchase a number of titles from different publishers, a wholesaler would be in a better position to provide that customer with access to books from across the publishing industry.

**PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS AND TRADEMARKS**

   A.  **Plaintiffs' Respective Copyright Registrations**

   27.   Cengage, Pearson, and MHE have duly registered their copyrights in those works described on Exhibit A, among others (hereinafter, "Plaintiffs' Authentic Works").

   B.   **Plaintiffs' Respective Trademark Registrations**

   28.   The Plaintiffs' Authentic Works bear trademarks and service marks as set forth on Exhibit B (hereinafter, "Plaintiffs' Marks").  Plaintiffs' Marks are distinctive and arbitrary and are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Plaintiffs and/or their predecessors invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with Plaintiffs' Marks.

**COUNTERFEIT COPIES OF PLAINTIFFS' PUBLICATIONS**

   29.   Defendants are buyers and sellers of college textbooks, and they sell to wholesale distributors as well as to individuals.  The individual Defendants each operate under their own names and under the name Information Recyclers.

   30.   In addition to selling books to wholesalers, Defendants sell books through the Internet on *Bookstores.com,* among other sites.

   31.   Beginning at least as early as June 2014, Defendants have distributed counterfeit copies of Plaintiffs' Authentic Works bearing Plaintiffs' Marks (hereinafter "Pirated Books").  In 2014 and 2015, at least four of Defendants' customers caught them selling Pirated Books.  All four distributors notified Plaintiffs and provided books for inspection and confirmation of their counterfeit nature.  At least one distributor notified Defendants that the books were called into question as potentially counterfeit.  Plaintiffs also contacted Defendants in 2014 and 2015 to notify them that they were infringing their rights.  Defendant Hunting assured Plaintiffs that

he was getting out of the book business.

32. Contrary to his assurances, Defendants have continued to distribute Pirated Books.

33. Defendants commissioned, ordered, purchased, and/or imported these Pirated Books. In so doing, Defendants deliberately evaded legitimate sources of the products in question and chose instead to obtain illegal and counterfeit copies of Plaintiffs' products for the purpose of illegally distributing and reselling such copies to consumers in the United States, including Massachusetts and elsewhere, in violation of Plaintiffs' intellectual property rights.

34. Defendants paid materially less than they would have had they purchased the books directly from the respective publishers or from a legitimate wholesaler.

35. At the time that Defendants purchased the Pirated Books, Defendants knew or should have known that the Pirated Works were infringing.

36. After receiving the Pirated Books from various sources, Defendants sold the Pirated Books as though they were legitimate to a variety of United States distributors, including in Massachusetts. Defendants purchased the Pirated Books for the purpose of selling them to distributors who would further sell them throughout the United States.

37. Defendants knowingly supervised and controlled the distribution of the Pirated Books, and had a direct financial interest in, and stood to gain a direct financial benefit from, their deliberately infringing activity.

38. In engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, Defendants also personally induced, caused, and materially contributed to infringing conduct by others, including the wholesalers and other distributors to whom they sold the Pirated Works. Those customers further

distributed the Pirated Works.

39. Defendants did more than supply the means to facilitate the infringement of Plaintiffs' intellectual property rights. They also substantially participated in, and orchestrated, such infringing activities.

40. Defendants conspired and acted in concert with others to accomplish their scheme to commit the above acts, which they knew would violate Plaintiffs' intellectual property rights, including their copyrights and trademark rights in Plaintiffs' respective Authentic Works.

41. Defendants directed and controlled the infringing activities alleged in this Complaint and were and are in a position to benefit economically from the infringement of Plaintiffs' intellectual property rights, which they orchestrated.

42. The Pirated Books are inferior to Plaintiffs' Authentic Works. Among other differences, the binding, glue, paper, color, and printing are often different and inferior. Based on the use of Plaintiffs' trademarks, actual and prospective purchasers are likely to believe that the Pirated Books are Plaintiffs' authentic publications. Because the Pirated Books are inferior, this weakens, blurs, and tarnishes Plaintiffs' respective trademarks. It further injures Plaintiffs' business reputations by causing their trademarks and the goodwill associated with them to be confused or mistakenly associated with a group or series of textbooks of lesser quality, as alleged above.

43. Defendants have a history of engaging in infringing activities, including but not limited to their involvement in a scheme whereby massive quantities of textbooks were imported from Asia and "laundered" through a fish-packing and transport company in Washington State.

## **FIRST CLAIM FOR RELIEF**

**Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.***

44.     Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-43 above.

45.     Plaintiffs' Authentic Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they have been duly registered by Plaintiffs with the United States Copyright Office and published by Plaintiffs in strict conformity with the Copyright Act and all laws governing copyrights.

46.     At all relevant times, Plaintiffs have been and still are the owners of all rights, title and interest in and to their respective copyrights in Plaintiffs' Authentic Works, which have never been assigned, licensed or otherwise transferred to Defendant.

47.     Beginning on an unknown date and continuing to the present, Defendants, with knowledge of Plaintiffs' duly registered copyrights in the Authentic Works, infringed Plaintiffs' copyrights by, among other things, deliberately purchasing, distributing, and reselling the Pirated Books for profit, without Plaintiffs' permission, license, or consent.

48.     As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

49.     Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

50.     Defendants' actions described above have caused, and will continue to cause, irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.  Unless Defendants are restrained by this Court from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled

to injunctive relief restraining Defendants from further infringement.

## SECOND CLAIM FOR RELIEF

### Infringement of Federally-Registered Trademarks Under 15 U.S.C. § 1114

51. Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-50 above.

52. This claim, arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, is for infringement of trademarks registered to Plaintiffs in the United States Patent and Trademark Office.

53. Without Plaintiffs' authorization, Defendants are marketing, offering for sale, and selling in commerce textbooks under Plaintiffs' Marks.

54. Defendants' aforesaid uses of Plaintiffs' Marks have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of Defendants' goods, in that the public, and others, are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiffs, all to Plaintiffs' irreparable harm.

55. Plaintiffs are informed and believe, and on that basis allege, that Defendants will continue to use Plaintiffs' Marks unless enjoined.

56. Defendants, by their above-enumerated acts, willfully and knowingly have violated and infringed Plaintiffs' rights in and to the federally registered Marks, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and Defendants threaten to further violate and infringe Plaintiffs' said rights.

57. Plaintiffs are entitled to an order restraining and permanently enjoining Defendants from further use of Plaintiffs' Marks under 15 U.S.C. § 1116(a).

58.     Defendants' aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

## THIRD CLAIM FOR RELIEF

### Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(a)

59.     Plaintiffs hereby restate and incorporate by reference all allegations contained in paragraphs 1-58 above.

60.     Defendants are infringing Plaintiffs' federally registered Marks through their use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Marks, in connection with the sale, offering for sale, marketing, distributing, or advertising of textbooks, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

61.     Defendants are intentionally using Plaintiffs' Marks on unauthorized product. Defendants are intentionally infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

62.     Defendants' counterfeiting of Plaintiffs' Marks has caused, and will continue to cause, serious and irreparable injury to Plaintiffs' reputation and goodwill for which Plaintiffs have no adequate remedy at law.

### PRAYER FOR RELIEF

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1.     Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

2.     An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the

Pirated Books with documents relating to all of the purchases and sales;

3. An order requiring Defendants to pay to Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

4. An order enjoining Defendants from further infringing upon Plaintiffs' respective copyrights, pursuant to 17 U.S.C. § 502;

5. An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

6. An order requiring Defendants to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations or reproductions, including confusingly similar variations of, Plaintiffs' respective copyrights and marks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

7. An order enjoining Defendants from further infringing Plaintiffs' respective trademarks pursuant to 15 U.S.C. § 1116;

8. An order preventing further unfairly competitive acts by Defendants;

9. Prejudgment interest at the applicable rate;

10. Punitive damages;

11. Attorneys' fees costs and costs of suit; and

12. Such other and further relief the Court deems proper.

DATED:  August 11, 2015                    Respectfully submitted,

                                                                         By:    /s/ *Kerry M. Mustico*
                                                                             Matthew J. Oppenheim
                                                                             Kerry M. Mustico (BBO No. 654600)

Oppenheim + Zebrak, LLP
5225 Wisconsin Avenue NW, Suite 503
Washington, DC 20015
(202) 480.2999
matt@oandzlaw.com
kerry@oandzlaw.com

*Counsel for Plaintiffs Cengage Learning, Inc., Pearson Education, Inc., and McGraw-Hill Global Education Holdings, LLC*

## LR 5.2(b) CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Complaint, filed on August 11, 2015 through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon the following:

Eric Hunting
202A County Road 55
Cerrillos, NM 87010

David Toone
7512 Prospect Avenue NE
Albuquerque, NM 87110

Michael Blalock
1726 5th Street
Bremerton, WA 98337

Information Recyclers
202A County Road 55
Cerrillos, NM 87010


                        /s/ *Kerry M. Mustico*
                        Kerry M. Mustico