UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13135-GAO

CENGAGE LEARNING, INC., MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC,
and PEARSON EDUCATION, INC.,
Plaintiffs,

v.

ERIC HUNTING, DAVID TOONE, and INFORMATION RECYCLERS LLC,
Defendants.

OPINION AND ORDER
November 28, 2016

O'TOOLE, D.J.

This action arises from the defendants' distribution of counterfeit textbooks in violation of 17 U.S.C. §§ 101, *et seq.* and 15 U.S.C. §§ 1114, *et seq.* The defendants were defaulted on October 21, 2015, for failure to appear and defend (dkt. no. 12). The plaintiffs thereafter moved for a final default judgment and permanent injunction pursuant to Federal Rule of Civil Procedure 55(b) (dkt. no. 13). On January 27, 2016, this Court issued its order of default judgment and permanent injunction against defendants (dkt. no. 19). Currently before the Court is a letter from defendant Eric Hunting (dkt. no. 20), which this Court has construed as a motion to set aside the default judgment.

After consideration of the relevant materials, I conclude that the motion by defendant Eric Hunting to vacate the default judgment (dkt. no. 20) should be DENIED.

Rule 60(b) of the Federal Rules of Civil Procedure provides six grounds for relief from final judgments, including mistake, inadvertence, surprise, excusable neglect or any other reason

that justifies relief. Rule 60(b) is considered a "vehicle for extraordinary relief," and motions attempting to utilize such a tool should be granted only under "extraordinary circumstances." Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe, 257 F.3d 58, 64 (1st Cir. 2001).

Further, a Rule 60(b) motion will only be granted when the trial court is persuaded that the "motion is timely; that exceptional circumstances exist, favoring extraordinary relief . . . and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002) (citations omitted).

Here, the defendant has asserted various reasons for his failure to litigate the case, including his limited means, lack of representation, disability, and difficulty accessing court documents. However, these conclusory statements do not constitute a showing of extraordinary circumstances justifying the requested relief. For example, there is no information provided that tends to indicate that the defendant has a potentially meritorious defense as Rule 60(b) requires, Karak, 288 F.3d at 19, or that he plans to defend the case at all. As the Mustico declaration discloses, the defendant had actual notice of the claims against him and opportunities to appear and defend against the plaintiffs' allegations, yet did not do so.

I conclude that the principles of equity and justice do not here justify the relief requested. Accordingly, the application of Eric Hunting for relief from the default judgment (dkt. no. 20) is DENIED.

It is SO ORDERED.

                                            /s/ George A. O'Toole, Jr.
                                            United States District Judge